[No. 57.   Third Appellate District.—October 5, 1905.]

RUSSELL-VAIL ENGINEERING COMPANY, Copartners, Appellants, v. G. W. KIRBY, County Treasurer of Merced County, Respondent.

Two Contracts with County—Claim and Payment upon One—Estoppel of Claimant—Mandamus.—Where the same company had two contracts with a county, one of an earlier date for a heating plant, and one of later date for a ventilating plant, for the county hospital, and a verified claim upon the heating plant was allowed and paid, the company is estopped from showing that the amount received upon its verified claim was not a payment upon the heating plant, and was intended to be a claim upon the ventilating plant, and *mandamus* will not lie to compel a first payment upon the heating plant.

Id.—Support of Judgment—Refusal of Mandamus—Questions not Considered.—Where the findings support the judgment refusing the writ of mandate, this court will affirm it without inquiring as to the validity or effect of either of the contracts, or the relation between them.

APPEAL from a judgment of the Superior Court of Merced County.   E. N. Rector, Judge.

The facts are stated in the opinion of the court.

Budd & Thompson, and T. C. Law, for Appellants.

F. W. Henderson, for Respondent.

Chickering & Gregory, Amicus Curiæ.

BUCKLES, J.—This is an application for a writ of mandate against the county treasurer of Merced County, to compel him to pay a warrant to plaintiffs for work, etc., done under a contract with the board of supervisors, amounting to the sum of $1687.50.

The case comes up on the judgment-roll, and the facts appear to be as follows:—

On June 6, 1903, petitioners entered into a contract with the board of supervisors to install a heating plant in the county hospital, then in course of erection, for the sum of

$2,250, to be paid as follows: On July 31st, seventy-five per cent of the cost of all labor and material then furnished. Other payments were to follow in like manner.

On August 15th petitioners entered into another contract with said board to install in said building a ventilating plant for which petitioners were to receive $3,988. On September 17, 1903, petitioners presented a demand against Merced County in due form and duly verified, which claim or demand is as follows:—

"Demand of Russell-Vail Engineering Co. on the treasury of the county of Merced, state of California, for the sum of two thousand dollars, being for part payment for heating system.

"Sept. 17, 1903. Part payment on heating system, Co. Hospital, $2000.00."

This claim was allowed September 21, 1903, the county warrant issued and presented to the county treasurer for payment on September 24th, and indorsed "not paid for want of funds." On December 11, 1903, it was again presented and was paid.

On November 5, 1903, the demand which is the subject of this action was presented to the said board, and is as follows:—

"Demand of Russell-Vail Engineering Co. on the treasury of the county of Merced, state of California, for the sum of sixteen hundred and eighty-seven and 50-100 dollars, being for heating plant contract at county hospital.

"November 4th, first payment on account of contract for installing of steam heating plant at county hospital, $1687.50."

This demand was for seventy-five per cent of the actual cost of labor and material furnished up to July 31, 1903, under the provisions of the contract of June 6, 1903. The claim was duly sworn to, and on the eleventh day of November the board allowed it. The auditor drew his warrant, which was presented to the treasurer and on November 16th was indorsed, "Not paid for want of funds." The warrant was presented again on January 4, 1904, when it is admitted there were funds on hand sufficient to pay it, but payment was refused.

The trial court found the facts as above stated, and found further that petitioners intended said two-thousand-dollar

claim to be a payment on the contract of August 15th, and that it was a claim on said ventilation contract, and that the county treasurer had paid the same, believing it to be a claim founded on said ventilating contract on June 6, 1903.

As conclusions of law the court found that appellants were estopped from showing that their verified claim for two thousand dollars was and is not a payment on the contract for the heating plant.

We think the conclusion just mentioned and the findings upon which it is based support the judgment, and without intimating any opinion as to whether the county is estopped to question the validity of the contract, or whether the board should have advertised for plans and specifications, or whether the heating plant comes within the provisions of subdivision 8 of section 25 of the County Government Act of 1897, so as to require thirty days' notice for bids, and basing our opinion on the one ground that the findings above mentioned support the judgment, we affirm the judgment.

McLaughlin, J., and Chipman, P. J., concurred.

'A petition for a rehearing of this cause was denied by the district court of appeal on November 3, 1905, and the following opinion was then rendered:—

BUCKLES, J.—Application for rehearing. We have gone carefully over our opinion rendered herein, and reviewed the facts in the case, and considered the matters suggested in the petition herein, and can see no reason for granting a rehearing.

If true as alleged that the heating contract was extended and made a part of the ventilating plant, and plaintiff was to have $2,250 for the heating plant and $3,988 for the ventilating plant, making $6,238 for both contracts, and it having received two thousand dollars thereon, or on either of the contracts, there would remain due from the county the sum of $4,238. And still we do not pass upon the validity of either contract.

We are still of the opinion that the findings support the judgment rendered in the court below.

Rehearing is denied.

McLaughlin, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal was denied by the supreme court on December 4, 1905.